IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYON K. CHAMP,            )  | |
| )  | |
| Plaintiff,           )  | |
| )  | |
| vs.                             )  | Case No. 19-cv-26-SMY |
| )  | |
| SHIRLEY FORCUM,       )  | |
| CARRIE MORRIS,         )  | |
| RHIANNA DRAPER,      )  | |
| CHERYL SIMMON,        )  | |
| VALLABHANENI NAGESWARARAO,    )  | |
| KEVIN HAYMAN,         )  | |
| and SCOTT JOSHUA,      )  | |
| )  | |
| Defendants.        )  | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bryon K. Champ, currently a pretrial detainee at Winnebago - WCY, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was a pretrial detainee at Chester Mental Health Facility ("Chester"). Plaintiff alleges that Kevin Hayman used excessive force when restraining Plaintiff by shoving him into a wall and putting his hand around Plaintiff's neck, and that the use of force was committed in retaliation for Plaintiff's "legal work" at the facility. Plaintiff also alleges that he received punishment while at Chester without receiving notice and a hearing. He asserts claims under the First and Fourteenth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is

1

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff's Complaint (Doc. 1) and accompanying supplements (Docs. 4, 12 and 13) are rambling, difficult to read, and the allegations are far from clear. That said, as best the Court can discern, Plaintiff makes the following allegations: On June 4, 2018, in response to Plaintiff's "legal work" including, speaking with a therapist about his cases and writing three letters to the "prisoners correspondence," Kevin Hayman and Scott Joshua detained Plaintiff and transported him from his room to the restraint room where they restrained him to a bed. (Doc. 1, p. 9; Doc. 4, pp. 1 and 3). In the process of restraining Plaintiff, Hayman shoved him to the wall. (Doc. 4, p. 2). Once Plaintiff was strapped down, Hayman placed his hands around Plaintiff's neck and shoved his chin down to his throat. (Doc. 1, p. 4; Doc. 4, p. 2). Although Joshua was still in the room, he did not stop Hayman from touching Plaintiff. (Doc. 1, p. 4).

On August 22, 2018, Plaintiff was moved from Green Level to Red Level by Shirley Forcum. (Doc. 1, pp. 7 and 14). In Red Level, he was not allowed to participate in dining room, gym, unit activities, cook-outs, and birthday parties. (*Id*.). He was also limited to going to the commissary once per week. (*Id*.). Plaintiff did not receive written notice of the change in level, nor was he allowed to participate in a disciplinary hearing. (*Id*. at pp. 7-8, 12). Forcum lacked sufficient evidence for the alleged violation. (*Id*. at p. 16). The decision to move his levels was based on a tip from an unknown informant. (*Id*. at p. 15). Although not entirely clear, it appears that Plaintiff remained on Red Level from August 22, 2018 until September 5, 2018; approximately two weeks. (*Id*. at p. 13; Doc. 4, p. 3).

2

**Preliminary Dismissals**

Plaintiff lists Carrie Morris, Rhianna Draper, Cheryl Simmon, and Vallabhaneni Nageswararao as Defendants in the beginning of his Complaint (Doc. 1, p. 2). He indicates in the beginning of the Statement of Claim portion that they played a part in the denial of legal resources and recreation, as well as played a role in his "legal issues" and "combination of infraction situation here." (Doc. 1, p. 4). At one point in the Complaint he alleges that he provided a grievance to Morris on August 23, 2018. (Doc. 1, p. 8). He mentions Dr. Nageswararao telling him to "take care of his own issues." (*Id*. at p. 9). He also alleges that the three defendants told him that he could not "do [his] legal work" at all while at Chester. But he does not explain when this occurred or if they prevented him from participating in any pending litigation. In essence, Plaintiff pleads in a conclusory fashion that these individuals played a part in violating his constitutional rights without providing enough facts from which a constitutional violation could be inferred. Accordingly, Carrie Morris, Rhianna Draper, and Vallabhaneni Nageswararao will **DISMISSED without prejudice**.

The Court also finds that Plaintiff has failed to state a claim against Cheryl Simmon. Plaintiff alleges that Simmon retrieved a legal letter from Plaintiff and noticed that it had been opened in error, but she failed to inform Plaintiff where the mail came from and why it was opened inappropriately. (Doc. 1, p. 17). Although not entirely clear what type of claim he seeks to bring against Simmon, he has not alleged that he was unable to pursue any of his cases, which would be necessary for an access to courts claim. See, *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Moreover, a single incident of opening of mail outside of Plaintiff's presence would be insufficient to state an interference with legal mail claim. *See Guarjardo_Palma v. Martinson*, 622 F.3d 801, 805 (7th Cir. 2010). Plaintiff does mention that he believes her actions were in retaliation for

writing grievances, but he does so only in conclusory fashion. (Doc. 1, p. 17). As such, Plaintiff also fails to state a claim against Cheryl Simmon.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** **Hayman and Joshua retaliated against Plaintiff for his "legal work" by restraining Plaintiff to his room in violation of the First Amendment.**
>
> **Count 2:** **Hayman used excessive force against Plaintiff in violation of the Fourteenth Amendment when he shoved Plaintiff up against the wall and placed his hands around his neck.**
>
> **Count 3:** **Joshua failed to intervene to the stop the excessive force used by Hayman in violation of the Fourteenth Amendment.**
>
> **Count 4:** **Shirley Forcum moved Plaintiff from Green Level to Red Level without prior notification or a hearing in violation of Plaintiff's due process rights.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Count 1

Construing Plaintiff's Complaint liberally, the Court finds that Plaintiff states a First Amendment claim against Hayman and Joshua for retaliating against him for his "legal work" by restraining him and strapping him down. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009);

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). Therefore, Count 1 will proceed.

### Count 2

Plaintiff is a pretrial detainee rather than a convicted prisoner. Therefore, Plaintiff's claims derive from the Fourteenth Amendment's guarantee of due process, not the Eighth Amendment's right to be free from cruel and unusual punishment. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). Pretrial detainees cannot be punished at all, much less "maliciously and sadistically." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015) (citations omitted). A pretrial detainee bringing an excessive force claim "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473; *Kingsley v. Hendrickson*, 801 F.3d 828, 830 (7th Cir. 2015) (per curiam).

Here, Plaintiff alleges that Hayman shoved him up against a wall and put his hands around Plaintiff's neck after he was strapped down and restrained. These allegations are sufficient to state a Fourteenth Amendment claim for excessive force and Count 2 will proceed.

### Count 3

Plaintiff's Complaint states a claim against Joshua for failing to intervene in the alleged excessive force used by Hayman. *See Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) (liability for failure to intervene requires that the defendant "(1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it"). Count 3 will therefore proceed.

### Count 4

As a pretrial detainee, Plaintiff "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Although a pretrial detainee may be punished for misconduct, "that punishment can be imposed only after

affording the detainee some sort of procedural protection." *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999); *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) (pretrial detainee cannot be placed in disciplinary segregation without notice and a hearing). Whether a pretrial detainee is entitled to due process protections depends on whether the detainee was subject to "nonpunitive measures" or "punitive measures that are subject to due process restrictions." *Rapier,* 172 F.3d at 1005. "A number of cases….consider any nontrivial punishment of a person not yet convicted a sufficient deprivation of liberty to entitle him to due process." *Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (collecting cases); *Rapier*, 172 F.3d at 1003-1004 ("The First and Ninth Circuits have recognized specifically that pretrial detainees may constitutionally be punished for infractions committed while awaiting trial, but also have recognized the need for procedural protections prior to the imposition of any punishment) (citing *Mitchell v. Dupnik*, 75 F.3d 517 (9th Cir. 1996); *Collazo-Leon v. United States Bureau of Prisons*, 51 F.3d 315, 318 (1st Cir. 1995)).

In this case, Plaintiff alleges that he was moved from Green Level to Red Level and suffered numerous deprivations, including not being allowed to participate in dining room, gym, unit activities, cook-outs, and birthday parties. At this juncture, the Court cannot say that these deprivations were insufficient to trigger due process protections for a pretrial detainee. Because, Plaintiff alleges that he was not provided with notice or a hearing prior to receiving discipline, the Court finds that he states a claim against Shirly Forcum for due process violations and may thus proceed on Count 4.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 against Kevin Hayman and Scott Joshua, Count 2 against Kevin Hayman, Count 3 against Scott Joshua, and Count 4 against Shirley Forcum will proceed.

**IT IS ALSO ORDERED** that Carrie Morris, Rhianna Draper, Cheryl Simmon, and Vallabhameni Nageswararao are **DISMISSED without prejudice** for failure to state a claim. The Clerk is **DIRECTED** to terminate these individuals from the Court's Case Management/Electronic Court Filing ("CM/ECF") system.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Kevin Hayman, Scott Joshua, and Shirley Forcum: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/18/2019**

*/s/ Staci M. Yandle*
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**