IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYON K. CHAMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-CV-00026-SMY |
| ) | |
| SHIRLEY FORCUM, et al., ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SET ASIDE DEFAULT

NOW COME the Defendants, SHIRLEY FORCUM and KEVIN HAYMAN, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Federal Rule of Civil Procedure 55(c), hereby submit this Motion to Set Aside Default, stating as follows:

1. Plaintiff filed a Complaint alleging violations of his constitutional rights on January 7, 2019. [d/e 1].

2. Summons was issued as to Defendant Forcum and Hayman on April 26, 2019. [d/e 18]. Defendants Forcum and Hayman were served on May 2, 2019, and their responsive pleadings were due on May 23, 2019. [d/e 19, 21].

3. The Court entered a Notice and Order of Default on May 31, 2019. [d/e 22]. The Clerk entered an Entry of Default against Defendants on June 3, 2019. [d/e 23].

4. Due to a delay in the request for representation reaching the Office of the Attorney General due to clerical error, and through no fault of Defendants, representation was not assigned and an answer was not timely filed.

5. "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

6. The grounds for setting aside a default entry are "good cause shown," a lower evidentiary standard. See Fed. R. Civ. P. 55(c). A party seeking relief from a default entry must

demonstrate "good cause" using the reasons enumerated under Federal Rule of Civil Procedure 60(b). The decision whether to vacate a default judgment pursuant to Rule 60(b) should depend largely on the willfulness of the defaulting party's actions. C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984). Where it appears the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, the Rule 60(b) motion should be denied. Id. Similarly, where a defaulting party was aware or should have been aware of its responsibilities to the opposing party and the court, and failed to live up to those responsibilities through unexcused carelessness or negligence, the default judgment should be left intact. Id. at 1206. However, where the defaulting party has been able to demonstrate that its actions were not willful, careless or negligent, the default judgment should be vacated. Id.

7. Therefore, because Defendants Forcum and Hayman failed to timely file a responsive pleading in this case due to an error made by clerical staff processing their requests, and not through any fault of their own, said Defendants respectfully request that the Court not enter default judgment against them.

8. The undersigned was assigned this case on June 10, 2019, and promptly filed an appearance and this motion.

9. The undersigned will need some time to look into Plaintiff's allegations and draft a responsive pleading. Defendants, therefore, request Court grant them 45 days, up to and including July 26, 2019, to file a responsive pleading.

10. Plaintiff will suffer no prejudice as a result of setting aside any entry of default, as this case is in the beginning stage of litigation.

WHEREFORE, for the above and foregoing reasons, Defendants Forcum and Morris respectfully request this Honorable Court set aside the Entry of Default entered against them, and allow Defendants 45 days, up to and including July 26, 2019, to file a responsive pleading to Plaintiff's Complaint.

    Respectfully submitted,

    SHIRLEY FORCUM and KEVIN HAYMAN,

        Defendants,

    KWAME RAOUL, Attorney General,
    State of Illinois,

        Attorney for Defendants,

By:    s/Kyrstin B. Beasley
       Kyrstin B. Beasley #6323618
       Assistant Attorney General
       Metro East Office
       201 West Pointe Drive, Suite 7
       Belleville, Illinois  62226
       (618) 236-8781 Phone
       (618) 236-8620 Fax
       E-mail: KBeasley@atg.state.il.us
              gls@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRYON K. CHAMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-00026-SMY |
| | ) |
| SHIRLEY FORCUM, et al., | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2019, the foregoing document, ***Motion to Set Aside Default,*** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Bryon K. Champ #1100250125
Winnebago County Jail
Inmate Mail
650 West State Street
Rockford, IL  61102

By:    s/Kyrstin B. Beasley
       Kyrstin B. Beasley #6323618
       Assistant Attorney General
       Metro East Office
       201 West Pointe Drive, Suite 7
       Belleville, Illinois  62226
       (618) 236-8781 Phone
       (618) 236-8620 Fax
       E-mail: KBeasley@atg.state.il.us
              gls@atg.state.il.us