IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYON K. CHAMP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-26-SMY |
| SHIRLEY FORCUM, KEVIN HAYMAN, and SCOTT JOSHUA, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Motions to Set Aside Default filed by Shirley Forcum and Kevin Hayman (Doc. 25) and Scott Jausel (Doc. 27).[1] Plaintiff filed his Complaint (Doc. 1) on January 7, 2019. The Court conducted its threshold review pursuant to 28 U.S.C. § 1915A on March 18, 2019 (Doc. 14). At that time, the Court found that Plaintiff stated claims against the defendants (*Id*. at p. 4).

A request for waiver of service was sent to Defendants on March 19, 2019 (Docs. 15-17). Those waivers were not returned and summons were issued on April 26, 2019 (Doc. 18). Summons were returned executed on May 7, 2019 (Docs. 19-21) and Defendants were given until May 23, 2019 to file an Answer but failed to do so. Accordingly, the Court entered default against Defendants on June 3, 2019 (Docs. 23) and instructed Plaintiff to file a motion for default judgment by June 21, 2019. Defendants filed Motions to Set Aside Default on June 11, 2019.

---

[1] Plaintiff named Scott Joshua as a Defendant in the case. Defendant has identified himself by his proper name, Scott Jausel. As such, the Clerk is **DIRECTED** to **CORRECT** Defendant's name on the docket to reflect his proper name.

1

Pursuant to F.R.C.P. 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Defendants submitted requests for representation to the Attorney General but representation was not assigned due a clerical error at the Office of the Attorney General. They also acted quickly to resolve the issue as Counsel filed motions to set aside the defaults the same day that she was assigned the case.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendants have met the requirements of Rule 55(c) and **GRANTS** the Motions to Set Aside Default (Docs. 25 and 27). Accordingly, Plaintiff's Motion for Default Judgment (Doc. 28) is **DENIED** and the entry of default (Doc. 23) is **VACATED**. Defendants are **GRANTED** leave to file an Answer by **July 26, 2019**.

**IT IS SO ORDERED.**

**DATED: 7/12/2019**

*/s/ Staci M. Yandle*
**United States District Judge**