IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BYRON K. CHAMP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19 -CV-00026 -MAB |
| | ) |
| **SHIRLEY FORCUM, ET AL.,** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

Currently pending before the Court is Plaintiff's motion for reconsideration regarding the Court's Order at Doc. 56 (Doc. 57). Plaintiff asks the Court to reconsider its previous decision denying Plaintiff's motion to supplement the record with unredacted copies of incident reports that were provided to Plaintiff by mistake by Defendants and can be found at pages fourteen and fifteen of Plaintiff's motion (*Id.* at 14-15). Plaintiff's motion is denied because the Court remains convinced that its analysis thoroughly outlined in its previous Order is correct.

The Court has inherent power to reconsider interlocutory orders at any time prior to the entry of final judgment. *E.g., Marconi Wireless T. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943); *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018); FED. R. CIV. P. 54(b). That being said, the Court's prior rulings "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002) (citing *Rhone–Poulenc, Inc. v. Int'l Ins. Co.*, 877

F.Supp. 1170, 1173–74 (N.D. Ill. 1995)). Reconsideration of an interlocutory order is only appropriate when a court has misunderstood a party, made a decision outside the adversarial issues presented to the court by the parties, made an error not of reasoning but of apprehension, or where a significant change in the law or the facts has occurred since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). *See also Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, 897 F.3d 786, 795 (7th Cir. 2018) ("[M]otions to reconsider exist to spare parties and courts unnecessary appeals.") "Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

Plaintiff seems to be arguing in his motion that if he had not filed the unredacted versions of the incident reports, this information would somehow have gone missing to the detriment of Plaintiff's case as "exposure of Chester is on the table"(Doc. 57, p. 2). Plaintiff details that these documents are not part of the HIPAA Qualified Protective Order entered in this case; therefore, it seems, that Plaintiff argues he should not have to return the documents (Doc. 40). He requests the Court to keep the documents and not return them because he believes there are more grievances that have not been produced for the record (*Id.* at 3).

Plaintiff has not pled any new information that would require the Court to reconsider its prior Order, nor has he outlined an error in the Court's prior reasoning. Therefore, Plaintiff's motion will be denied, but the Court wants to make it clear that Plaintiff is being directed to return unredacted versions of documents and not all of his records. To facilitate the process, Defendants have been ordered to provide him with the

appropriate redacted versions of those documents and a self-addressed stamped envelope, which Defendants have done (Doc. 58, p. 2). The redactions apply to the names of inmates who are not parties to this lawsuit and who the Court previously found "should not be disclosed in documents available on the public dockets in this case for security and privacy reasons" (Doc. 56, p. 2). Plaintiff can rest assured that he will receive the same documents back, just without the names and identifying information of fellow inmates.

Additionally, Plaintiff argues that he needs these unredacted incident reports to proceed with the case as they apply to his grievances and, therefore, any arguments related to the exhaustion of administrative remedies. Defendants have withdrawn that affirmative defense, so Plaintiff need not worry about whether he appropriately grieved his issues before filing this lawsuit (Doc. 58, p. 2). Again, even if that were a concern, Plaintiff will receive redacted versions of these incident reports from Defendants and can pursue arguments with the support of these documents. Accordingly, Plaintiff is yet again ordered to return the unredacted version of the incident reports at pages 14 and 15 of his motion to reconsider as he will be provided with redacted versions of these pages that he can file with the Court (Doc. 57)

The Court also wants to make clear that these documents in question are not covered by the HIPAA Qualified Protective Order, entered by the Court on September 19, 2019 (Doc. 40). The HIPAA Qualified Protective Order covers health information relating to Plaintiff, as Plaintiff's claims relate to deprivations of his constitutional rights while he was a pretrial detainee at Chester Mental Health Facility ("Chester")(Doc. 14).

The HIPAA Qualified Protective Order outlines that these sensitive records, that could describe conditions related to Plaintiff's mental and physical health, will be used solely for the purpose of this litigation. The Protective Order also outlines which parties will receive copies of these documents, which is a limited group of people (Doc. 40, p. 2). This Protective Order was entered "to prevent the unauthorized disclosure and direct use of protected health information during the course of this litigation (*Id.* at 1). Essentially, this Order was entered to protect Plaintiff's information from being disseminated to people outside the scope of this litigation.

For the above-stated reasons, the Court **DENIES** Plaintiff's motion for reconsideration (Doc. 57). The Clerk of Court is **DIRECTED** to strike pages 10, 14, and 15 of Court Document 57. Plaintiff is **ORDERED** to return the unredacted copies of the incident reports to defense counsel. He is further **ORDERED** not to submit the unredacted versions of the incident reports in connection with any future filings in this case. Should he file these unredacted versions again, they will be summarily denied and stricken from the docket without further explanation from the Court.

**IT IS SO ORDERED.**

**DATED: October 9, 2020**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**