IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRYON CHAMP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-26-MAB |
| | ) |
| **SHIRLEY FORCUM, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Defendants Scott Jausel, Kevin Hayman, and Shirley Forcum ("IDOC Defendants") filed a motion pursuant to Fed. R. Civ. P. 37 seeking sanctions against Plaintiff Bryon Champ (Doc. 72). The IDOC Defendants contend that they sent Plaintiff a notice of deposition scheduled for October 1, 2020 and that Plaintiff appeared for his deposition via video but indicated he was unwilling to go forward with the deposition. Plaintiff filed several briefs, including a motion to terminate sanctions, which the Court ultimately construed as response briefs (*See* Docs. 64, 68, and 71). On October 22, 2020, the Court entertained oral argument on the motion for sanctions and took the matter under advisement. After consideration of the briefs and the supporting arguments, the IDOC Defendants' motion for sanctions (Doc. 72) is **DENIED**.

In this instance, Plaintiff is representing himself *pro se*. Plaintiff indicated both in his response briefs and in argument at the motion hearing that he was confused about his deposition because he did not receive a notice from the Court indicating that he must

appear (Docs. 64, 68). And although the Plaintiff's failure to participate in a properly noticed and scheduled deposition is quite troubling, he has offered a good faith explanation for his conduct at this time. Plaintiff is not necessarily a novice when it comes to litigation as he has several pending cases in this Court, but up and until very recently, he was representing himself *pro se* in all of the pending actions. As best the Court can tell, he had not had the benefit of legal advice in any of his pending cases at the time of his deposition. Given the totality of the circumstances in this situation, the Court will exercise its discretion and decline the enforcement of sanctions against Plaintiff. *See Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) ("District courts have broad discretion in supervising discovery, including deciding whether and how to sanction such misconduct, for they are much closer to the management of the case and the host of intangible and equitable factors that may be relevant in exercising such discretion."); *Park v. City of Chicago*, 297 F.3d 606, 614 (7th Cir. 2002) (noting the trial court's broad discretion concerning the imposition of discovery sanctions and finding no abuse of discretion for the court's choice not to impose sanctions for a discovery failure); *Johnson v. Schnuck Markets, Inc.*, 495 F. App'x 733, 737 (7th Cir. 2012) ("District courts have wide discretion in supervising discovery and deciding whether or not to impose sanctions.").

Plaintiff is cautioned, however, that he must comply with the Federal Rules of Civil Procedure and Court orders. A failure to comply in the future may, in fact, lead to sanctions.

## CONCLUSION

For the foregoing reasons, the IDOC Defendants' motion for sanctions (Doc. 72) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  February 25, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
