IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRYON K. CHAMP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-26-MAB |
| | ) |
| **SHIRLEY FORCUM, ET AL.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion to withdraw as attorney filed by Plaintiff's court-appointed counsel (Doc. 137). For the reasons set forth below, the motion to withdraw is GRANTED (Doc. 137) and Plaintiff's requests for new court-appointed counsel are DENIED (*see* Docs. 147, 148).

### BACKGROUND

Plaintiff Bryon Champ brought this civil rights action pursuant to 42 U.S.C. § 1983 for events that occurred while he was a pretrial detainee at Chester Mental Health Center (Docs. 1, 14). In February 2021, Plaintiff filed a motion for court-appointed counsel (Doc. 77). That motion was granted in May 2021 (Doc. 80) and attorney Jerome T. Murphy was appointed by the Court to represent Plaintiff (Doc. 81).

Since his appointment in 2021, Mr. Murphy has diligently represented Plaintiff at all stages of these proceedings, including discovery and summary judgment (*see* Docs. 95, 99, 103, 105, 119, 121). After finding that Plaintiff's claims against Defendants Hayman and Jausel survive summary judgment (Doc. 123), the Court discussed the utility of a

Page **1** of 8

settlement conference with the parties (Doc. 125). Counsel for both parties indicated that a settlement conference would be beneficial (Doc. 125).

Thereafter, Mr. Murphy contacted Plaintiff on two occasions to discuss the case and assess Plaintiff's interest in a settlement conference (Doc. 137, pp. 3-4). Based upon those conversations, it became clear to Mr. Murphy that he had fundamental disagreements with Plaintiff related to trial strategy and how to best prosecute Plaintiff's case (*Id.*). Consequently, Mr. Murphy filed the instant motion to withdraw, seeking relief from assignment pursuant to Local Rule 83.11(a) (*see generally* Doc. 137).

Following the filing of Mr. Murphy's motion to withdraw, the Court provided Plaintiff with time to respond to the motion (Doc. 146). On December 12, 2023, Plaintiff filed a response in opposition to the motion to withdraw (Doc. 147). Thereafter, on January 4, 2024, Plaintiff filed a motion to appoint new counsel which is identical to his response in opposition to the motion to withdraw (*compare* Docs. 147, 148).

## ANALYSIS

1. *Counsel's motion to withdraw*

Mr. Murphy seeks to withdraw as court-appointed counsel for Plaintiff due to a conflict of interest based upon irreconcilable differences between counsel and client regarding how to prosecute Plaintiff's case (Doc. 137, pp. 3-4). Mr. Murphy cites Local Rule 83.11(a) in support of his motion (*Id.*). In response, Plaintiff argues Mr. Murphy should not be allowed to withdraw unless Plaintiff is guaranteed that he will be appointed new counsel (Doc. 147).

Local Rule 83.11(a) provides that:

> After assignment, counsel may apply to be relieved of an order of assignment only on the following grounds or on such other grounds as the assigning judge finds adequate for good cause shown:
>
> (1) A conflict of interest precludes counsel from accepting the responsibilities of representing the party in the action.
> (2) Due to another extraordinary professional commitment, counsel lacks the time necessary to represent the party.
> (3) Irreconcilable differences have arisen between counsel and the party they were appointed to represent that make it impossible for the attorney/client relationship to continue.
>
> Any application by counsel for relief from an order of assignment on any of the grounds set forth in this section shall be made to the judge promptly after the attorney becomes aware of the existence of such grounds, or within such additional period as may be permitted by the judge for good cause shown. The Court will decide whether relief from assignment is warranted, whether another attorney should be assigned, and whether any further action is required before any merits-based decision is rendered.

Mr. Murphy seeks relief from his assignment due to "irreconcilable differences" between Plaintiff and himself as to how best to prosecute this case (*see generally* Doc. 137). Mr. Murphy's motion also includes a signed affidavit attesting to the conflict of interest created by his continued representation of Plaintiff. For instance, the affidavit states that "attorney and client have fundamental disagreements related to trial strategy and how to best present Mr. Champ's claims to a jury for resolution." (*Id.* at p. 4).

Significantly, Plaintiff's response in opposition does not dispute any of the reasons Mr. Murphy provides in his motion to withdraw (*see generally* Doc. 147). Instead, Plaintiff's motion demands assurances that he will be appointed new counsel if Mr. Murphy is permitted to withdraw (*Id.*). This argument misses the mark. In determining whether Mr. Murphy should be permitted to withdraw, the Court's inquiry focuses upon

whether good cause exists under Rule 83.11(a) to grant relief from assignment, not upon whether new counsel should be appointed.

Consequently, based upon Mr. Murphy's representations, and with no evidence to the contrary, the Court finds irreconcilable differences have arisen between counsel and Plaintiff that make it impossible for the attorney/client relationship to continue. *See* L.R. 83.11(a)(3). Accordingly, the Court GRANTS Mr. Murphy's motion to withdraw (Doc. 137). On behalf of the entire Southern District of Illinois, the undersigned sincerely thanks Mr. Murphy for his time and service on this case.

2. *Plaintiff's requests for new court-appointed counsel*

Having determined that Mr. Murphy will be granted relief from his assignment based upon irreconcilable differences, the Court next considers whether Plaintiff should be appointed new counsel. Plaintiff's response (Doc. 147) and his motion to appoint new counsel (Doc. 148) argue new counsel should be assigned to Plaintiff because the Court previously assigned him counsel.

Crucially, the determination as to whether Plaintiff should be assigned new counsel is a discretionary decision left to the Court. Specifically, Local Rule 83.11(b)(1) provides that:

> If an application for relief from an order of assignment is granted, the judge may issue an order directing the assignment of another attorney to represent the party. Such assignment shall be made in accordance with the procedures set forth in SDIL-LR 83.9(b). Alternatively, the judge shall have the discretion not to issue a further order of assignment, in which case the party shall be permitted to prosecute or defend the action *pro se*.

Similarly, the Seventh Circuit has repeatedly explained that there is no right to continued representation by counsel in civil cases. *See, e.g.*, *Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018); *Richter v. Obaisi*, 2022 WL 1223803, at *3 (7th Cir. Apr. 26, 2022), *cert. denied*, 143 S. Ct. 415 (2022) ("The initial decision to recruit counsel did not bind the court to do so again, even if Richter's abilities had not improved."); *Jones v. Baldwin*, 843 F. App'x 822, 824 (7th Cir. 2021) (holding court had no obligation to automatically recruit replacement counsel for plaintiff after his lawyer withdrew); *Ajala v. Univ. of Wisconsin Hosp. & Clinics*, 836 F. App'x 447, 454 (7th Cir. 2020) (finding no abuse of discretion where motion for counsel was initially granted but court was unable to find an attorney to take the case and court subsequently denied plaintiff's motions for counsel because court had not only exhausted its options but plaintiff was also capable of representing himself). Accordingly, Plaintiff's argument that the Court must appoint him new counsel based upon the Court's prior decision to appoint counsel is refuted by both the Local Rules and Seventh Circuit precedent.

Therefore, with no right to new counsel in this action, the question is whether the Court should exercise its discretion to assign new counsel to represent Plaintiff. Typically, in determining whether to recruit counsel, courts consider the following two inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Pertinently, however, the Seventh Circuit has recently explained that "[w]hen a district court has already recruited a capable attorney, and a pro se litigant undermines

their professional efforts, the district court need not undertake another *Pruitt* inquiry." *Williams v. DeJoy*, 88 F.4th 695, 703-04 (7th Cir. 2023).

In this case, there can be no doubt that Plaintiff's actions and mentality have contributed to the irreconcilable differences between Plaintiff and his former court-appointed counsel, Mr. Murphy. Again, Plaintiff does not dispute that irreconcilable differences arose between him and Mr. Murphy based upon differing litigation strategies (*see generally* Doc. 147). Notably, because Plaintiff is determined to litigate this action as he sees fit, irrespective of the opinions and advice of appointed counsel, the Court fails to see how exposing another attorney to this action would result in a different outcome. *Williams*, 88 F.4th at 703; *see also Ames v. Obaisi*, No. 18 CV 2930, 2021 WL 1853223, at *7 (N.D. Ill. May 10, 2021) ("[T]he Court concludes that it cannot, in good conscience, impose upon another attorney to take over a case that prior counsel had determined was legally and factually non-meritorious.").

Furthermore, the Court notes that Plaintiff has personally submitted numerous filings with the Court while still represented by Mr. Murphy (*see, e.g.*, Docs. 126, 136, 142, 148). And although Plaintiff's filings appear to be either procedural in nature or simply lacking any merit, they further demonstrate Plaintiff's inability to communicate and work with appointed counsel. "When pro bono counsel has invested many hours of valuable time in the case before moving to withdraw because the client would not cooperate, a wise court will economize with its scarce pool of pro bono volunteers." *Williams*, 88 F.4th at 703 (internal quotation marks and citation omitted). *See also Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 937 (7th Cir. 2020) ("It's worth reemphasizing that the assistance of a

pro bono lawyer in civil litigation is a privilege. The valuable help of volunteer lawyers is a limited resource. It need not and should not be squandered on parties who are unwilling to uphold their obligations as litigants."). For these reasons, the Court declines to appoint new counsel to represent Plaintiff in this action.

Finally, even if the Court were to conduct a *Pruitt* analysis, Plaintiff's response and motion do not demonstrate why Plaintiff is incapable of litigating this matter on his own. First and foremost, Plaintiff's identical filings (Docs. 147, 148) altogether fail to discuss why the complexity of this case, particularly at this point in the proceedings, exceeds Plaintiff's capabilities. Moreover, the Court notes that Plaintiff has substantial experience filing lawsuits and navigating the judicial system on his own. In fact, this case is just one of four cases that Plaintiff has been litigating for several years before the undersigned. *See* SDIL Case Nos. 18-cv-1986; 19-cv-26; 19-cv-263; and 19-cv-345. Additionally, it is significant that Plaintiff's court-appointed counsel represented him for several years in this action (Doc. 82). This means that Plaintiff has the benefit of referencing the filings prepared by Mr. Murphy and utilizing the discovery gathered by Mr. Murphy. Thus, while representing himself at trial will undoubtedly be a challenge for Plaintiff (as it is for any *pro se* litigant), Plaintiff is actually in a better position than most *pro se* litigants because he is able to rely upon the filings and discovery evidence prepared by Mr. Murphy. For all these reasons, even if a *Pruitt* analysis were necessary at this time (which it is not), Plaintiff has failed to demonstrate why he is not competent to litigate this matter on his own.

## CONCLUSION

For the reasons discussed above, Mr. Murphy's motion to withdraw as court-appointed counsel is **GRANTED** (Doc. 137) and Plaintiff's requests for new court-appointed counsel are **DENIED** (Docs. 147, 148). Plaintiff shall prosecute this action *pro se* as this matter proceeds to trial on Plaintiff's claims against Defendants Hayman and Jausel.

This case will be set for a ZOOM status conference by separate notice to discuss trial scheduling.

**IT IS SO ORDERED.**

**DATED:  January 22, 2024**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
